IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TESCO CORPORATION, (US), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2118 |
| | § | |
| VARCO I/P, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The issues raised by the pending motions in this patent dispute (other than the recently

filed discovery motions) concern what claims will be pursued and in what forum.  Varco I/P,

Inc. filed a patent infringement suit against Tesco Corporation in the Western District of

Louisiana. Tesco Corporation sued Varco I/P, Inc. in this court, seeking a declaratory

judgment that three of Varco's patents are invalid and that Tesco has not infringed them.

Tesco filed a partial summary judgment motion as to the claims relating to two of the patents,

U.S. Patent No. 6,527,493 ('493 Patent) and U.S. Patent No. 6,637,526 ('526 Patent).

(Docket Entry No. 19).  Varco responded by filing a covenant not to sue as to these two

patents and moved to dismiss the claims relating to them for lack of subject-matter

jurisdiction.  Varco also moved to dismiss the claims as to a third patent, Patent No.

6,938,709 ('709 Patent), for lack of standing. (Docket Entry No. 25, 26).  Varco also filed

a renewed motion to transfer the case to the Western District of Louisiana, (Docket Entry No. 35).

Based on a careful review of the pleadings, the motions and responses, the parties' submissions, and the applicable law, this court grants Varco's motion to dismiss the declaratory judgment claims as to the '493 and '526 Patents for lack of subject-matter jurisdiction based on Tesco's covenant not to sue; denies as moot Tesco's motion for partial summary judgment on the claims relating to those patents; denies Varco's motion to dismiss the declaratory judgment claims as to the '709 claims for lack of standing; and denies Varco's renewed motion to transfer without prejudice and stays this case to allow the Louisiana court to decide in which forum the litigation should proceed. The reasons are explained below.

## I.     Background

In April 2005, Varco I/P, Inc. sued Tesco Corporation in Louisiana federal court, alleging that Tesco had infringed U.S. Patent No. 6,443,241 ('241 Patent). Varco did not effect service on Tesco until June 22, 2005. On June 17, 2005, Tesco sued Varco in Texas federal court, seeking a declaratory judgment that the '493 Patent and the '526 Patent were invalid; that Varco was estopped from asserting patent infringement claims against Tesco based on statements made to the Patent and Trademark Office; and that Tesco did not infringe these patents. (Docket Entry No. 1). Tesco also sought a declaration that Varco was

estopped from invoking a not-yet-issued patent, U.S. Patent Application Serial No. 10,189,355, which issued as the '709 Patent.

On September 6, 2005, the '709 Patent issued. Tesco amended its claims in the Houston lawsuit on that date to add claims for a declaration of noninfringement and invalidity with respect to the '709 Patent. (Docket Entry No. 11). Shortly thereafter, Varco sought to add the '709 patent to the Louisiana case.

At that point, the Texas and the Louisiana suits involved different patents. The suits overlapped, but not substantially. Varco filed a motion to dismiss, stay, or transfer this case to the Western District of Louisiana. Under *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971) and *West Gulf Maritime Association v. ILA Deep Sea Local 24*, 751 F.2d 721 (5th Cir. 1985), this court deferred to the Western District of Louisiana, the court in which the first of the related cases was filed, to determine whether the cases should proceed simultaneously in separate courts or should proceed in a single forum.[1] The Western District of Louisiana denied the motion to transfer; this court followed suit, and both cases proceeded.

Events and pleading amendments removed the differences between the cases that led to the decision to allow both to proceed in two courts. Tesco filed a motion for partial summary judgment of noninfringement as to the '493 and '526 patents. (Docket Entry No. 19). In response, Varco moved to dismiss Tesco's claims for declaratory relief without

---

[1]     The case in the Western District of Louisiana is styled *Varco I/P, Inc. v. Tesco Corporation (US)*, No. CV 05-0634 A.

prejudice on the ground that Tesco lacked standing to assert them.  (Docket Entry No. 25).

Tesco responded, (Docket Entry No. 31), and Varco replied, (Docket Entry No. 32).  In its

reply, Varco supported its motion to dismiss by submitting an executed covenant not to sue

Tesco for infringement of the '493 and '526 Patents, "as they presently read, with respect to

any product which was advertised, manufactured, marketed or sold by Tesco on or before the

date of this covenant."  (Docket Entry No. 32, Ex. 4 at 2).  Tesco surreplied, (Docket Entry

No. 33), challenging Varco's argument that the covenant stripped this court of subject-matter

jurisdiction with respect to the '493 and '526 Patents and challenging Varco's argument that

the parties lacked standing to assert the '709 Patent claims.  Varco then filed a renewed

motion to transfer the case to the Western District of Louisiana, (Docket Entry No. 35), to

which Tesco responded, (Docket Entry No. 37).

## I.    The Motions as to the '493 and '526 Patent Claims

On March 2, 2006, Varco covenanted not to sue Tesco on the '493 and '526 Patents,

at issue in this case but not in the Louisiana case.  Varco has moved to dismiss the

declaratory judgment claims as to those patents on the basis that no actual controversy

remains for this court to decide.

In *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (5th Cir. 1999), the

court explained that a covenant not to sue for any infringing acts involving products "made,

sold, or used" on or before the date the covenant was filed divests a trial court of subject-

matter jurisdiction over a declaratory judgment action.  The court explained that under the

Declaratory Judgment Act, 28 U.S.C. § 2201(a), a district court has jurisdiction over a declaratory judgment action only when there is an "actual controversy," which requires "both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *Id.* (internal citations omitted). An actual controversy must be present at all stages of review, not merely when the complaint is filed. In *Amana Refrigerator*, as in the present case, the covenant not to sue promised that the patent holder would not assert any infringement claim against the declaratory judgment plaintiff under the patent as it then read, with respect to any product previously or currently advertised, manufactured, marketed, or sold by the declaratory judgment plaintiff. The court in *Amana Refrigerator* held that the covenant removed any reasonable apprehension that the plaintiff would face an infringement suit based on its activities before the filing date, removed the controversy, and removed the basis for subject-matter jurisdiction under the Declaratory Judgment Act. *Id.* The fact that the promise not to assert a claim was only as to claims based on the patent "as it presently reads" did not create a risk of further litigation that preserved the court's subject-matter jurisdiction under the Declaratory Judgment Act: "the future existence of a reissue patent is wholly speculative and, therefore, cannot create a present controversy." *Id.* at 856.

Tesco has not argued that it maintains any imminent fear of infringement litigation on the '493 and '526 patents.  Varco's motion to dismiss these claims (and the '709 Patent claims) on the basis of Tesco's lack of standing is denied; Varco's motion to dismiss the claims as to the '493 and '526 Patents on the basis of lack of subject-matter jurisdiction is granted.  Tesco's motion for partial summary judgment as to the '493 and '526 Patents is denied as moot.

## II.    The Motion to Transfer

Varco again seeks to have this case dismissed or transferred to the Western District of Louisiana.  In the Louisiana case, Tesco has moved to transfer the case pending there to this court.  Both cases involve issues of infringement and validity of the '709 Patent; the parties acknowledge that the two cases are now duplicative.  The basis for the courts' earlier decisions to have the cases proceed simultaneously has changed.  Initially, these two cases involved different patents, claims, and defenses.  This is no longer true.

In both *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971) and *West Gulf Maritime Association v. ILA Deep Sea Local 24*, 751 F.2d 721 (5th Cir. 1985), the Fifth Circuit made it clear that when, as here, closely related cases are pending simultaneously in two federal courts, the first-filed court decides the forum in which the cases will proceed.  "[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed." *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 920

(5th Cir. 1997). "Once the likelihood of substantial overlap between the two suits had been demonstrated, it was no longer up to the court in Texas to resolve the question of whether both should be allowed to proceed." *Mann Mfg., Inc.*, 439 F.2d at 408.

This court is the second-filed court. The first-filed court, the Western District of Louisiana, is the proper court to decide whether to dismiss the Louisiana case or transfer it to Texas, or whether the litigation should proceed in Louisiana. If the Louisiana court decides the cases should proceed there, this court will decide whether to stay, transfer, or dismiss this suit in favor of the Louisiana case; if the Louisiana court decides that the cases should proceed in Texas and transfers the Louisiana case to this court, this court will have it consolidated into the Texas suit. *W. Gulf Maritime Ass'n*, 751 F.2d at 729 & n.1 ("[A] district court may dismiss an action where the issues presented can be resolved in an earlier filed action pending in another district court. . . . In addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it.").

Varco's motion to dismiss or transfer this case to Louisiana is denied, without prejudice. This case is stayed pending the decision of the Louisiana court as to whether this litigation will go forward in Texas or in Louisiana.

## III.   Conclusion

Varco's motion to dismiss the claims as to the '493 and '526 Patents for lack of subject-matter jurisdiction is granted; Varco's motion to dismiss the claims as to the '709 Patent for lack of standing is denied; Tesco's motion for partial summary judgment as to the

'493 and '526 Patent claims is denied as moot; Varco's renewed motion to transfer is denied, without prejudice, and this case is stayed pending the Louisiana court's decision on the proper forum for the litigation to proceed.

SIGNED on July 17, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge